FILED

JUL 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR PUBLICATION**

**JUDICIAL COUNCIL**

**OF THE NINTH CIRCUIT**

| IN RE COMPLAINT OF | No. 14-90084 |
| --- | --- |
| JUDICIAL MISCONDUCT | ORDER |

**KOZINSKI**, Chief Judge:

An attorney alleges that a bankruptcy judge is showing some early signs of dementia, such as slow reaction time, moodiness and memory problems.

Pursuant to the Judicial Conduct and Disability Act, any person who believes that a federal judge "is unable to discharge all the duties of office by reason of mental or physical disability," 28 U.S.C. § 351(a), may file a complaint stating the reasons for his belief. Such complaints are rare, perhaps in part because lawyers (who are in the best position to observe judicial behavior) are reluctant to point an accusatory finger at judges before whom they appear. Nevertheless, such complaints are welcome and encouraged, and we make every effort to keep the identity of the complainant confidential, if he wishes not to be identified.

Such complaints are also taken seriously, particularly where (as in this case) the complainant specifies the particular behaviors that he believes are the result of

mental disability. This complainant was given an additional measure of deference because he reports familiarity with the symptoms of dementia, having tended to a family member who showed similar symptoms.

Based on the complaint, therefore, I have undertaken a limited inquiry, as authorized by Judicial-Conduct Rule 11(b). I was unable to inquire about the particular instances in which complainant observed the alleged signs of dementia because complainant doesn't provide any transcripts or audio in support of his allegations; nor does he point to a case or specify a date where the alleged signs were discernible. Nevertheless, I have spoken to judges who have had repeated recent opportunities to observe the subject judge in both private and public settings. They observed none of the symptoms reported by complainant. I have also spoken to judges who regularly review the subject judge's work on appeal, and they report that they have observed no decline in his performance. All these judges expressed their continued confidence in the ability of the subject judge to discharge his duties competently and with distinction.

In addition, I reviewed appeals to the Ninth Circuit of the judge's cases for the last three years. No issues regarding the judge's competency were raised by the parties or evident from the appellate court's disposition.

Without more specific facts, complainant's allegations are insufficient to "raise an inference that . . . a disability exists." Judicial-Conduct Rule 11(c)(1)(D);

<u>see also</u> 28 U.S.C. § 352(b)(1)(A)(iii).  I nevertheless appreciate complainant's willingness to file a complaint and bring his observations to my attention.  And, of course, the matter is always subject to re-consideration if he or another member of the public should come forward with more concrete evidence of mental or physical disability.

**DISMISSED.**